UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES JOHNSON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CITY OF INDIANAPOLIS, et al., )<br>)<br>Defendants. ) | 1:02-cv-1645-SEB-VSS |

## Entry Discussing Motion for Summary Judgment

For the reasons explained in this Entry, the defendants' motion for partial summary judgment must be **granted in part and denied in part.**

### Background

Plaintiff Charles Johnson alleges that the defendant police officers used excessive force when they arrested him with the help of a police dog. He alleges a federal claim under the Fourth Amendment for the excessive use of force and a claim of negligence under Indiana state law. In Part II of the Entry issued on July 5, 2005, the court dismissed the federal claims against any municipal defendant, including any claim against the defendant individuals in their official capacity, for failure to state a claim upon which relief can be granted. The defendants remaining in the action are Detective Barry Jeffries, Officer Benner, Officer Brian Churchill, Officer C. Jones, and Officer Hartman. Each defendant is employed by the City of Indianapolis with the Indianapolis Police Department ("IPD").

The defendants other than Officer Churchill seek resolution of Johnson's federal claim through the entry of summary judgment. All defendants seek resolution of Johnson's state law claim through the entry of summary judgment. "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*).

The evidentiary record supporting the defendants' motion for summary judgment shows the following:[1] On October 29, 2000, a man robbed a gas station at gunpoint. A few minutes after hearing about the robbery on his police radio, Officer Charles Benner, who was patrolling a few blocks from the gas station, saw a vehicle run a stop sign, speed, fishtail, and drive erratically. Johnson was the driver of that vehicle. Officer Benner attempted to pull Johnson's vehicle over, but Johnson would not stop.

Johnson led Officer Benner on a car chase. The chase ended when Johnson's vehicle crashed into a privacy fence. Officer Benner noted that Johnson matched the description of the armed robber of the gas station and ordered him to stop, but Johnson ran away on foot. Other officers began arriving, including K-9 Officer Brian Churchill and his K-9 partner Ajax. IPD officers chased Johnson throughout the neighborhood, but Johnson kept evading them. Officer Benner could see Johnson holding something Benner believed to be a gun. Finally, IPD officers saw Johnson on the roof of a house. He jumped down, and the police K-9 Ajax apprehended him. Johnson resisted and refused to show his hands. Ultimately, officers were able to handcuff and arrest Johnson.

## Discussion

*Federal Claim.* Johnson's federal claim is asserted pursuant to 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

Johnson's erratic driving as observed by Officer Benner justified the initial stop of Johnson's vehicle. *Whren v. United States,* 517 U.S. 806, 810 (1996) (decision to stop and detain motorists is reasonable where there is probable cause to believe that a traffic violation has occurred). The traffic violations which had been observed justified his arrest, and Johnson does not argue that the arrest itself was unlawful.

---

[1] "[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal." *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). This must be done, insofar as a factual showing is concerned, through materials which satisfy the evidentiary requirements of Rule 56(e) of the *Federal Rules of Civil Procedure.* See *Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004); *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir. 1993)(if documents submitted in support of a motion for summary judgment do not satisfy the requirements of Rule 56(e), they must be disregarded). Properly supported material facts as offered by the movant in a motion for summary judgment are accepted by the court as true. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This enables the parties to properly utilize the role of Rule 56, which is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990).

The lawful arrest of Johnson justified the use of force necessary to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989). The force used in making the seizure in this instance was not objectively unreasonable. *Id.* at 395 ("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."); *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U. S. 1116 (1998).[2]

Defendants Jeffries, Benner, Jones, and Hartman do not seek the issuance of summary judgment as to Johnson's Fourth Amendment claim of excessive use of force by arguing that excessive force was not used in apprehending him. That is a question on which no determination has previously been made and on which no determination is made in this Entry. Instead, they seek summary judgment on the ground that they were not involved in the use of force, whether it was excessive or not.

Section § 1983 requires personal responsibility to support a viable claim. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). Personal involvement is established when the supervisor "acts or fails to act with a deliberate or reckless disregard of plaintiff's rights or if the conduct causing the constitutional deprivation occurs at [the supervisor's] direction or with [his] knowledge and consent." *Gossmeyer v. McDonald,* 128 F.3d 481, 494 (7th Cir. 1997)(citations and quotations omitted). As the moving defendants correctly point out, the undisputed facts indicate that Ajax the police dog was under the control of Officer Churchill. The moving defendants did not authorize or cause the force applied to Johnson during his apprehension through the use of Ajax, and it takes more than proximity to wrongdoing to support liability. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992). Accordingly, the moving defendants cannot be liable for the decision or conduct of Officer Churchill to deploy Ajax and permit Ajax to use force in securing Johnson. The moving defendants' motion for partial summary judgment on this basis must be **granted.**

*State Law Claim.* Johnson asserts a claim under Indiana state law for negligence. The defendants maintain that the Indiana Tort Claims Act ("ITCA") shields them from liability. The relevant portion of the ITCA provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:
> . . .
> (8) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

IND. CODE § 34-13-3-3(8).

---

[2]The Fourth Amendment test which is made exclusive in *Graham* for a claim that constitutionally excessive force was used in the course of an arrest dooms any claim Johnson might assert under the rubric of "substantive due process." That phrase is used by Johnson in paragraph 5 of his complaint, but is of no effect under the circumstances of this case.

Although the defendants have established that they were involved in Johnson's seizure and arrest while enforcing a law, relevant Indiana state law establishes that the ITCA does not automatically immunize police officers from liability for state claims related to the use of excessive force. This aspect of Indiana law was reviewed in recent weeks by this court in *Rising-Moore v. Wilson*, 2005 WL 1607187 (S.D.Ind. July 7, 2005). After reviewing the applicable decisions, it was found that, "[c]onsistent with the holding in *Kemezy [v. Peters,* 622 N.E.2d 1296, 1297 (Ind. 1993)], . . . police officers and the governmental entities that employ them can be found liable for battery claims despite the ITCA's extensive immunity coverage." *Id.* at *12. Thus, the immunity provision of the ITCA does not entitle the defendants to summary judgment. They have not argued that they are entitled to summary judgment on any other basis. Their motion for summary judgment as to the pendent state law claim, therefore, must be **denied.**

## Conclusion

There is no factual basis for the assertion of a viable Fourth Amendment claim against defendants Jeffries, Benner, Jones, and Hartman for the excessive use of force. The motion of these defendants for partial summary judgment as to the Fourth Amendment claim of the excessive use of force must therefore be **granted.** For the reasons also explained in this Entry, the defendants' motion for summary judgment as to the claim under Indiana state law is **denied.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: 09/22/2005

Copies to:

Thomas Joseph Gaunt
tjgattorney@sbcglobal.net

Lakshmi Devi Hasanadka
CORPORATION COUNSEL
lhasanad@indygov.org

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com

Charles Johnson
3310 E. St. Clair Street
Indianapolis, IN   46201

Charles Johnson
3310 W. St. Clair Street
Indianapolis, IN   46222